**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEOFFREY MARK LESS,<br><br>                  Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY and KEN GRODY FORD CARLSBAD,<br><br>                  Defendants. | Case No.: 18cv1992-MMA (AGS)<br><br>**ORDER REMANDING CASE TO STATE COURT** |

      On July 26, 2018, Plaintiff Geoffrey Mark Less ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of San Diego against Defendants Ford Motor Company ("Ford") and Ken Grody Ford Carlsbad ("Ken Grody"). Doc. No. 1-2 ("Compl."). Plaintiff alleges six claims against Ford and one claim against Ken Grody under California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"). *Id.* As against Ford, Plaintiff alleges violations of California Civil Code § 1793.2(a)(3), (b), and (d), breach of express written warranty pursuant to California Civil Code § 1791.2(a) and § 1794, breach of the implied warranty of merchantability pursuant to California Civil Code § 1791.1 and § 1794, and fraud by omission. *Id.* Plaintiff alleges the implied warranty claim against Ken Grody as well. Compl., ¶¶ 28-32.

On August 27, 2018, Ford removed this action to this Court on the basis of diversity jurisdiction. Doc. No. 1. Upon review of the notice of removal and the Complaint, the Court questioned whether Ford had sufficiently demonstrated complete diversity. *See* Doc. No. 3 at 1-2; *see Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."). According to the Complaint, Plaintiff is a citizen of the State of California, Ford is a Delaware corporation, and Ken Grody is a California Corporation. Compl., ¶¶ 2, 4-5. Therefore, the Court ordered Ford to show cause why the case should not be remanded for lack of subject matter jurisdiction. Doc. No. 3. Ford filed a response to the Court's Order on September 14, 2018. Doc. No. 4.

## LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "To remove a case from state court to federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014) (quoting 28 U.S.C. § 1446(a)). Removal of a case depends, in part, upon whether the claims fall within the district court's subject matter jurisdiction. *Boydston v. Asset Acceptance LLC*, 496 F. Supp. 2d 1101, 1103-04 (N.D. Cal. 2007). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.* 980 F.2d 564, 566 (9th Cir. 1992) (quotation marks omitted). "If at any time before final judgment it appears that the

district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Civil actions not arising under the Constitution, laws, or treaties of the United States are removable to a federal district court only if there is diversity of citizenship between the parties. *See* 28 U.S.C. §1331 (providing that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States"); *see also* 28 U.S.C. § 1332(a)(1) (providing that district courts have subject matter jurisdiction if there is diversity jurisdiction). Section 1332 requires that there be complete diversity, meaning each plaintiff's citizenship must be diverse as to each defendant's citizenship, and the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)(1); *Owen Equipment & Erection Co.*, 437 U.S. at 373. A defendant may remove a civil action that alleges claims against a non-diverse defendant where the plaintiff has no basis for suing that defendant. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Where a non-diverse defendant has been "fraudulently joined" to an otherwise completely diverse case, that non-diverse defendant's citizenship is disregarded for diversity jurisdiction purposes. *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (citations omitted). However, there is a "general presumption against fraudulent joinder." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (citation omitted). "A defendant is fraudulently joined when [a] 'plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Kwasniewski v. Sanofi-Aventis U.S., LLC*, 637 Fed. App'x 406, 406 (9th Cir. 2016) (quoting *McCabe*, 811 F.2d at 1339); *see also Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169-70 (E.D. Cal. 2011) ("[A] non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned."). The

removing defendant bears the heavy burden of proving fraudulent joinder by clear and convincing evidence. *See GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Hunter*, 582 F.3d at 1046); *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence.").

## DISCUSSION

Ford has fallen short of carrying its heavy burden of proof to show that removal was proper because it has not demonstrated that Ken Grody was fraudulently joined. In its notice of removal, Ford argues that "there is no viable cause of action that is pleaded in the Complaint that is directed to [Ken Grody]." Doc. No. 1 at 6. Ford's allegation is insufficient to establish that Ken Grody cannot be liable on any theory.

Plaintiff alleges a breach of implied warranty claim against Ken Grody, which is a dealership. Compl., ¶¶ 28-32. Numerous courts have found implied warranty claims against dealerships to be valid, and the dealerships to be necessary parties, in connection with claims under the Song-Beverly Act. *See, e.g., Cavale v. Ford Motor Co.*, No. 1:18-cv-00680-LJO-BAM, 2018 WL 3811727, at *4 (E.D. Cal., Aug. 9, 2018); *Chipley v. Ford Motor Co.*, No. 18-cv-01161-YGR, 2018 WL 1965029, at *2 (N.D. Cal. Apr. 26, 2018); *Blowers v. Ford Motor Co.*, No. CV 17-8224-JFW (KSX), 2018 WL 654415, at *4 (C.D. Cal. Jan. 31, 2018); *Sandhu v. Volvo Cars of N. Am., LLC*, No. 16-CV-04987-BLF, 2017 WL 403495, at *4 (N.D. Cal. Jan. 31, 2017); *Delafontaine v. Volvo Cars of N. Am., LLC*, No. CV 16-07154-GHK (SKx), 2016 WL 7338404, at *2-3 (C.D. Cal. Dec. 19, 2016). As a result, the allegations in Ford's notice of removal offer no legitimate reason to disregard Ken Grody's citizenship for purposes of removal.

In its response to this Court's Order, Ford contends that Ken Grody cannot be liable on any theory because the implied warranty claim against it is time-barred. Doc. No. 4 at 3-4. As Ford points out, the statute of limitations can be a basis for finding that a defendant has been fraudulently joined. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998) (holding that non-diverse defendants were fraudulently joined where

4

the statute of limitations barred the cause of action against them); *Hamilton Materials, Inc.*, 494 F.3d at 1206 (same). Under the Song-Beverly Act, the implied warranty of merchantability extends for a period of one year after delivery, and the time for bringing an action is four years from the breach. *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1306-09 (Ct. App. 2009). A claim for breach of the implied warranty of merchantability may be based upon a defect not discoverable at the time of sale. *See Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 922 (C.D. Cal. 2010); *see also Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 948 (C.D. Cal. 2012); *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1223 (9th Cir. 2015). Further, the statute of limitations on a claim for breach of implied warranty may be tolled. *See Cavale*, 2018 WL 3811727, at *3; *Chipley*, 2018 WL 1965029, at *3 *Jimenez v. Ford Motor Co.*, No. CV 18-3558-JFW (ASx), 2018 WL 2734848, at *2 (C.D. Cal. June 5, 2018); *Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2016 WL 1745948, at *13-14 (N.D. Cal. May 3, 2016).

Here, Plaintiff alleges he purchased his Ford vehicle in November of 2007, but that the statute of limitations applicable to his claims has been tolled under several theories: (1) equitable tolling; (2) the discovery rule; (3) fraudulent concealment; (4) equitable estoppel; (5) the repair rule; and/or (6) class action tolling. Compl., ¶¶ 7, 73. Notably, Ford does not address Plaintiff's tolling allegations. Doc. No. 4. Rather, Ford asserts that because there is a statute of limitations that has run, Plaintiff's claim against Ken Grody is time-barred without referencing tolling. *Id.* at 3-4.

The Court finds that it is possible that at least one, if not more, of these tolling doctrines applies and that Plaintiff's claim against Ken Grody is not time-barred. *See Cavale*, 2018 WL 3811727, at *3; *Chipley*, 2018 WL 1965029, at *3 *Jimenez*, 2018 WL 2734848, at *2; *Philips*, 2016 WL 1745948, at *13-14. The standard for demonstrating fraudulent joinder is high, and the relevant question is whether it is possible for Plaintiff to state a claim against Ken Grody, not whether it has been sufficiently pleaded. *See Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998) ("[M]erely showing that an action is likely to be dismissed against that defendant does not demonstrate fraudulent

joinder. 'The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so.'") (citation omitted). As a result, the Court concludes that it is not obvious that Plaintiff cannot state a claim against Ken Grody, because it is possible that the statute of limitations on the breach of the implied warranty of merchantability claim may be tolled. Even if the allegations concerning tolling are not sufficiently pleaded, Ford has not shown that Plaintiff would be unable to amend his complaint to allege a viable tolling theory. *See Cavale*, 2018 WL 3811727, at *3; *Jimenez,* 2018 WL 2734848, at *2 (stating that "although Ford argues that Plaintiff has not pled sufficient facts to demonstrate that the statute of limitations is tolled as to her claim against United Brothers, the Court cannot conclude that Plaintiff has no possibility of ultimately stating her claim for breach of implied warranty of merchantability"). Thus, Ford has not shown that there is absolutely no possibility that Plaintiff cannot state a claim against Ken Grody and, therefore, has not met its burden in showing that Ken Grody has been fraudulently joined. *See Diaz,* 185 F.R.D. at 586.

## CONCLUSION

Based on the foregoing, the Court is not satisfied that it has subject matter jurisdiction over this action. Accordingly, the Court **REMANDS** this case to the Superior Court for the State of California, County of San Diego for lack of federal subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Clerk of Court is instructed to close this case.

**IT IS SO ORDERED**.

Dated: September 18, 2018

Hon. Michael M. Anello
United States District Judge